UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────X

PLAZA ATHENEE HOTEL COMPANY LIMITED,　　Civil Action No. _____
d/b/a PLAZA ATHENEE HOTEL

　　　　　　　　　　　　　　　　　　　　　　　**NOTICE OF REMOVAL OF**
　　　　　　　　　　　Plaintiff,　　　　　　　**ACTION UNDER 28 U.S.C. §**
　　　　　　　　　　　　　　　　　　　　　　　**1441(b) BY DEFENDANT**
　　　　　　-against-　　　　　　　　　　　　**CONTINENTAL CASUALTY CO.**

CONTINENTAL CASUALTY COMPANY

　　　　　　　　　　　Defendant.
───────────────────────────────────────X

**TO:　THE CLERK OF THE UNITED STATES DISTRICT COURT
　　　 FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Continental Casualty Company ("CCC"), through its undersigned counsel, hereby removes the instant action from the Supreme Court of the State of New York, New York County (the "State Court Action"), to the United States District Court for the Southern District of New York.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Plaza Athenee Hotel Company Limited, d/b/a Plaza Athenee Hotel ("Plaintiff" or "Plaza") and CCC and the amount in controversy exceeds $75,000, exclusive of interest and costs. The grounds for removal are set forth in more detail below.

## THE STATE COURT ACTION

1.　The State Court Action was commenced by Plaintiff, with the filing of a Complaint on March 5, 2021 in the Supreme Court of the State of New York, New York County

(Index No. 651503/2021). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon CCC in the State Court Action is attached as Exhibit 1.

2. The Plaintiff alleges that an insurance policy issued by CCC bearing policy number 6023357065 (the "Policy") insures for actual loss of business income and extra expense losses sustained at its hotel located at 37 East 64th Street, New York, New York 10064 caused by the COVID-19 pandemic and the related New York Civil Authority Orders. (Ex. 1, Complaint at ¶¶ 31-38).

3. According to the Complaint, Plaintiff's business loss occurred when the State of New York declared a State of Emergency and required all non-essential businesses, such as the Plaintiff's hotel, to shut down. (Ex. 1, Complaint at ¶ 130). Plaintiff contends that it has "sustained direct physical loss of and/or damage to its premises described in the Policy as a result of the presence of COVID-19 particles and/or the pandemic." (Id. at ¶ 138).

4. The Complaint seeks a declaratory judgment (First Cause of Action) that, inter alia, "the Civil Authority Orders prohibit access to the premises in whole or in part …" "to affirm that the Civil Authority Orders trigger coverage" and "to affirm that the Policy provides coverage to Plaintiff for any current and future Civil Authority closures of business in New York County and New York State due to physical loss or damage from the Coronavirus and the policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the Covered Property." (Ex. 1, Complaint at ¶¶ 154-156). Additionally, the Complaint alleges a breach of contract cause of action (Count II) for CCC's failure to pay Plaintiff's business income and extra expense losses under the Policy. (Id. at ¶¶ 156-169).

5. On March 15, 2021, CCC was served with the Summons and Complaint. (Ex. 1, Complaint).

6. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon CCC.

7. Additionally, this Notice of Removal is being filed within one (1) year from commencement of the action as required by 28 U.S.C. § 1446(c)(1).

8. Upon filing the Notice of Removal, CCC will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

### I. Diversity of Citizenship Exists Between Plaintiff and Defendant

9. Plaintiff Plaza and Defendant CCC are citizens of different states for purposes of diversity jurisdiction.

10. Plaintiff Plaza is "located at Plaza Athenee Hotel Company Limited 37 East 64th Street, New York, New York 10064." (Ex. 1, Complaint at ¶ 31).

11. CCC is incorporated in Illinois and has its principal place of business in Chicago, Illinois.

12. Based upon the above, Plaintiff is a citizen of the State of New York, and CCC is a citizen of the State of Illinois for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, complete diversity of citizenship exists between the Plaintiff and the Defendant.

### II. The Amount in Controversy Requirement Is Satisfied

13. The Complaint seeks, <u>inter alia</u>, "Judgment on Count II of the Complaint for Breach of Contract, and awarding damages for said breach in an amount to be determined at

trial," pre-and post-judgment interest, and attorneys' fees. (Ex. 1, Complaint at Prayer for Relief).

14. In connection with Plaintiff's claim submission, Plaza represented that it sustained business income losses during the period of January 2020 through April of 2020 in the amount of $1,407,388 based upon a comparison of revenue generated during the same months during 2019. Annexed hereto as Exhibit 2 is a true and accurate copy of a spreadsheet depicting Plaintiff's alleged revenue loss. Additionally, the Plaintiff has indicated that it will cost in excess of $7 million in extra expenses to reopen the hotel. Annexed hereto as Exhibit 3 is a true and accurate copy of a spreadsheet entitled "PPE for Reopening."

15. Based upon these documents, it appears that the amount at issue is at least $8 million.

16. Accordingly, the amount in controversy exceeds the $75,000 threshold as set forth in 28 U.S.C. § 1332(a) for this Court to exercise jurisdiction.

### III.     **Removal Is Timely Filed**

17. On March 15, 2021, CCC was served with the Complaint, and has timely filed this Notice of Removal within 30 days of service.

### IV.     **Venue**

18. This action was originally filed in the Supreme Court of the State of New York, New York County, which sits in this federal judicial district and division, rendering venue proper. 28 U.S.C. § 1441(a).

## **CONCLUSION**

19. For the foregoing reasons, Defendant Continental Casualty Company respectfully states that this action, previously pending in the Supreme Court of the State of New York, New York County, is properly removed to this Court.

Dated: New York, New York
April 14, 2021

By: /s/Kevin F. Buckley
Kevin F. Buckley, Esq. (KFB 9609)
Jodi S. Tesser, Esq. (JST 6398)

Mound Cotton Wollan & Greengrass LLP
One New York Plaza, 44th Fl.
New York, New York 10004
Tel: (212) 804-4200
kbuckley@moundcotton.com
jtesser@moundcotton.com
*Attorneys for Continental Casualty Company*