```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
<div style="float:right">
USDC SDNY<br>
DOCUMENT<br>
ELECTRONICALLY FILED<br>
DOC #:_____<br>
DATE FILED:  3/27/2022
</div>

PLAZA ATHENEE HOTEL COMPANY LIMITED,
d/b/a PLAZA ATHENEE HOTEL

                      Plaintiff,

-against-

CONTINENTAL CASUALTY COMPANY,

                      Defendant.

21-cv-3245 (MKV)

**OPINION AND ORDER
GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Plaza Athenee Hotel Company Limited ("Plaza Athenee") brings this suit against its insurer Continental Casualty Company ("Continental") seeking insurance payments for business losses resulting from COVID-19 and related government restrictions.  Plaza Athenee asserts claims for breach of contract and declaratory relief premised on the allegedly improper denial of coverage under the Business Income, Extra Expense, and Civil Authority provisions of the property insurance policy that Plaza Athenee purchased from Continental.  Continental moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Because the Second Circuit has already rejected virtually identical claims, and for all of the reasons stated below, the motion to dismiss is GRANTED.

## BACKGROUND[1]

       Plaza Athenee owns and operates a hotel in New York, New York.  FAC ¶ 36.  In March 2019, Plaza Athenee purchased a "Special All Risk Business Insurance Policy" from Continental that provided coverage from March 8, 2019 to June 1, 2020.  FAC ¶¶ 35–39 [ECF No. 10-1

---

[1] The facts are taken from the First Amended Complaint [ECF No. 10 ("FAC")]. *See Ashcroft v. Iqbal*, 556 U.S. 626, 678 (2009) (on a motion to dismiss, the court takes all of the factual allegations in the complaint as true).  The Court also relies on the insurance contract attached to, and incorporated by reference in, the First Amended Complaint. *See Michael Cetta, Inc. v. Admiral Indemnity Co.*, 506 F. Supp. 3d 168, 170 (S.D.N.Y. 2020).

("Policy") at 1]. The Policy insured Plaza Athenee against a wide range of property losses. *See* FAC ¶ 38; Policy. Three of the coverage provisions are relevant here: (1) Business Interruption coverage, (2) Extra Expense coverage, and (3) Civil Authority coverage. FAC ¶ 48.

With respect to business interruptions, the Policy covers loss "resulting from necessary interruption of business" that is "caused by direct physical loss of or damage to covered property" occupied by the insured. Policy at 11–12, 14. "In the event of such physical loss or damage [Continental] shall be liable for the actual loss sustained by [Plaza Athenee] resulting directly from such interruption of business," with certain limitations. Policy at 11. The Policy does not contain a virus exclusion. FAC ¶ 164.

The Policy also includes a Civil Authority coverage provision that extends coverage for specific time frames when "access to [Plaza Athenee's property] is prohibited by order of civil authority, *but only when such order is given as a direct result of physical loss or damage to property*." Policy at 15 (emphasis added). The Policy further provides "Extra Expense" coverage. It provides that Continental "will pay for the reasonable and necessary extra expense . . . incurred by [Plaza Athenee] in order to continue as nearly as practicable the **_Normal_** operation of [Plaza Athenee's] business following direct physical loss of or damage to covered property by perils[] insured against." Policy at 17 (emphasis in original).

In March 2020, Plaza Athenee "was forced to suspend its business operations [at the hotel] in compliance with the now well-known executive orders issued by the Governor of New York as the immediate response to the COVID-19 pandemic." FAC ¶ 15, 97. The Governor "ordered that essential businesses [could] remain open subject to restriction. Essential businesses include hotels (infrastructure) and restaurants/bars (but only for take-out/delivery) (retail)." FAC ¶ 97.

Plaza Athenee alleges that its ability to generate revenue "ceased or [was] substantially restricted due to COVID-19 and Civil Authority Orders pertaining to same[.]" FAC ¶ 28. Plaza Athenee alleges that it experienced "significant business losses." FAC ¶ 9. In April 2020, Plaza Athenee sought coverage from Continental, relying on the Business Income, Extra Expense, and Civil Authority provisions of the Policy, and seeking to be reimbursed for businesses losses "as a result of the inability to book hotel rooms, [to] operate [its] restaurant and bar" because of COVID-19. [ECF No. 10-2 ("Denial Letter") at 1. After conducting an investigation, Continental denied coverage under all three provisions because there was no "direct physical loss of or damage to [Plaza Athenee's] property" and because the executive orders "were not issued as a direct result of physical loss or damage to property." Denial Letter at 4.

Plaza Athenee initiated this action by filing a complaint in state court, and Continental removed the case to this Court based on diversity jurisdiction [ECF No. 1]. The Court later granted Contintal leave to file a motion to dismiss, but only after Plaza Athenee had the opportunity to amend its complaint [ECF No. 8 ("Order")]. The Order stated that it would be "Plaintiff's last opportunity to amend in response to issues raised in the pre-motion letters." Plaza Athenee later filed the First Amended Complaint [ECF No. 10 ("FAC")], asserting its claims for breach of contract and declaratory relief. FAC ¶¶ 28–29. Continental moved to dismiss the First Amended Complaint [ECF Nos. 11, 12, 13 ("Def. Mem.")]. Plaza Athenee filed an opposition to that motion [ECF No. 14 ("Pl. Opp."), 15], and Continental filed a reply brief [ECF No. 17]. Continental later filed a notice of supplemental authority, citing "additional opinions issued by the United States Court of Appeals for the Second Circuit, holding that there was no coverage under a property insurance policy for financial losses sustained in connection with the COVID-19 pandemic

because the complaint did not plausibly allege direct physical loss or damage to property" [ECF No. 18].

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations, internal quotation marks, and citations omitted).

## ANALYSIS

The sole question is whether, due to the coronavirus and the related government restrictions, Athenee Plaza experienced a "direct physical loss of or damage to covered property" within the meaning of the Policy that warrants reimbursement of financial losses from Continental. The Second Circuit has already and repeatedly answered that question in the negative. *See 10012 Holdings, Inc. v, Sentinel Ins, Co., Ltd.*, 21 F.4th 216 (2d Cir. 2021); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, 2022 WL 120782 (2d Cir. 2022); *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, 2022 WL 258569 (2d Cir. 2022); *Deer Mountain Inn LLC v. Union Ins. Co.*, 2022 WL 598976 (2d Cir. 2022); *SA Hosp. Grp., LLC v. Hartford Fire Ins. Co.*, 2022 WL 815683 (2d Cir. 2022).

Plaza Athenee makes the same arguments that the plaintiffs made, and the Second Circuit rejected, in the five cases cited above. In each case, the plaintiff argued that "the closure of its business during the pandemic entitles it to business income, extra expense, and civil authority

coverage under its property insurance policy." *Kim-Chee LLC*, 2022 WL 258569 at *1. In each case, the Second Circuit held that the plaintiff failed to state a claim. There are no differences in the facts or the Policy here that would warrant a different outcome.

First, Plaza Athenee argues that the Policy does not require any actual, physical damage to the insured property; rather, it is enough that Plaza Athenee was unable to use the property for its intended purpose. *See* FAC ¶ 105; Pl. Opp. at 6–13. This argument is foreclosed by the clear language of the Policy here and the decisions of the Second Circuit interpreting substantially identical insurance policies. *See, e.g.*, *10012 Holdings*, 21 F.4th at 222 (explaining that "under New York law the terms 'direct physical loss' and 'physical damage' in the Business Income and Extra Expense provisions do not extend to mere loss of use of a premises . . . those terms instead require actual physical loss of or damage to the insured's property"). In the light of the *10012 Holdings* decision, Plaza Athenee clearly cannot prevail on a claim based on loss of access. Moreover, based on its own allegations, Plaza Athenee was never deprived of access to the hotel. Unlike many other businesses, the hotel was not required to shut down—it was required only to limit its bar and restaurant operations, and it had trouble booking rooms because people were less able and inclined to travel. *See* FAC ¶ 97.

Plaza Athenee also asserts that it did suffer actual, physical damage to its property as a result of COVID-19, but this assertion is likewise foreclosed. Plaza Athenee alleges that the presence of COVID-19 in the hotel caused physical damage because it required "restoration and/or clean-up" costing over $100,000. FAC ¶17–18. The Court is not required to credit the conclusion that clean-up costs equate to covered physical damage. *See Iqbal*, 556 U.S. at 678 (explaining a court need not accept legal conclusions in a complaint). More to the point, the Second Circuit has already rejected the notion that the presence of a virus is covered physical damage, even if that

presence prompted the insured to spend significant sums on cleaning and disinfecting the property. *See Kim-Chee*, 2022 WL 258569, at *2 ("the virus's inability to physically alter or persistently contaminate property differentiates it from radiation, chemical dust, gas, asbestos, and other contaminants whose presence could trigger coverage").

The Second Circuit has also rejected any argument for coverage under the Civil Authority provision of the Policy. In *10012 Holdings*, the Second Circuit explained that, as with the Policy here, the Civil Authority provision in that case was "contingent on showing that the civil authority orders . . . resulted from a risk of direct physical loss to property in the vicinity" of the insured property. 21 F.4th at 223. But "the executive orders were the result of the COVID-19 pandemic and the harm it posed to human beings, not, as 'risk of direct physical loss entails, risk of physical damage to property." *Id.* And shutting the business "because of possible human infection does not qualify as a 'risk of direct physical loss'" to property, as required to trigger Civil Authority coverage. *Id.* This binding authority is directly on point, and, therefore, Plaza Athenee cannot state a claim for recovery under the Civil Authority provision. *See SA Hosp. Grp.*, 2022 WL 815683, at *2 (prior panel decision is binding).

Finally, Plaza Athenee argues that it is entitled to coverage because, unlike some other property insurance policies, the Policy it purchased does not contain a virus exclusion. Pl. Opp. at 4; FAC ¶¶ 98, 163–165. The absence of a virus exclusion is immaterial since, for the reasons discussed above, the alleged loss does not fall within the coverage grant of the Policy. As the Second Circuit has already explained, the absence of a virus exclusion does not create coverage. *Kim Chee*, 2022 WL 258569 at *2.

There is no daylight between this case and other cases in which the Second Circuit has found no coverage. *See Rye Ridge*, 2022 WL 120782, *1; *Deer Mountain Inn*, 2022 WL 598976.

6

As noted above, the Court warned Plaza Athenee in a previous Order that Plaza Athenee would not be afforded another opportunity to amend [ECF No. 8]. Accordingly, the Court dismisses the First Amended Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 11 and to close this case.

**SO ORDERED.**

**Date: March 27, 2022**
**New York, NY**

                                **MARY KAY VYSKOCIL**
                                **United States District Judge**